THIS ORDER IS A
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500

Mailed: July 2, 2018

Opposition No. 91234612

*Trans-High Corp.*

*v.*

*JFC Tobacco Corp.*

Katie W. McKnight,
Interlocutory Attorney:

On January 22, 2018, Applicant filed an unconsented motion to extend by thirty days the close of discovery, as well as to extend by fifteen days its time to respond to Opposer's written discovery requests, originally served on December 22, 2017. Applicant's motion is fully briefed.[1]

**Background**

As set forth in the Board's May 17, 2017 order, discovery in this proceeding was set to close on January 22, 2018. On December 22, 2017, Opposer timely served Applicant with its first set of written discovery requests, making Applicant's

---

[1] The Board notes that on March 6, 2018 and April 2, 2018, the parties filed, and the Board granted, consented motions to extend all remaining dates while awaiting a decision on the instant motion. *See* 10 TTABVUE; 12 TTABVUE. The parties' most recent consented motion to extend all remaining dates, filed June 5, 2018 and granted on June 6, 2018, indicates that the parties are engaged in settlement discussions. *See* 14 TTABVUE. In view thereof, the trial schedule set forth in this order will be reset in accordance with the Board's June 6, 2018 order.

responses due on January 22, 2018.[2] 6 TTABVUE 2. On January 10, 2018, Applicant served Opposer with its first set of written discovery requests, making Opposer's responses due on February 9, 2018, after the close of discovery. *Id*. That same day, Opposer indicated that Applicant's discovery requests were untimely because responses would not be due until after the close of discovery, and Applicant in turn sought Opposer's consent for an extension of time to serve responses to Opposer's requests, as well as an extension of the discovery period. *Id*. at 44-47. When Opposer did not provide a definitive response to Applicant's January 12, 2018, January 18, 2018, and January 19, 2018 attempts to seek consent to the extensions of time, Applicant filed the present motion. *Id*. at 3, 44-47.

In support of its motion, Applicant notes that it is located in Puerto Rico, and encountered some delays during this proceeding as a result of the hurricanes that devastated the region this past year. 9 TTABVUE 2-3. Applicant also argues that it was difficult for counsel to reach Applicant during the winter holiday season in order to provide timely responses to Opposer's discovery requests, and Applicant conferred in good faith with Opposer to obtain its consent to an extension of time, without success. 6 TTABVUE 3. Moreover, Applicant contends, it has not been negligent inasmuch as it served its discovery requests shortly after it received Opposer's discovery requests, and it has not asked for any other extensions of time in this proceeding. *Id*. Applicant argues that it would be prejudiced if Opposer benefits from

---

[2] Since the last day for Applicant to serve its responses, i.e. January 21, 2018, fell on a Sunday, Applicant was permitted to respond to Opposer's discovery requests by January 22, 2018 pursuant to Trademark Rule 2.196.

2

Applicant's discovery responses without reciprocal responses to Applicant's discovery requests. *Id*. at 4.

Opposer argues that because Trademark Rule 2.120(a)(3) requires written discovery requests to be served early enough in the discovery period so that responses thereto will be due no later than the close of discovery, Applicant's motion to extend the close of discovery is "in fact" a "motion to reopen the parties' time to serve written discovery," and therefore pursuant to Fed. R. Civ. P. 6(b), Applicant must show that its failure to timely serve discovery requests was due to excusable neglect. 7 TTABVUE 4. Opposer contends that under that standard, Applicant has not demonstrated excusable neglect. *Id*. Alternatively, Opposer argues that Applicant has not demonstrated good cause for an extension because it did not explain why it waited until January 10, 2018 to serve discovery requests. *Id*. at 9-10.

**Analysis**

Under Trademark Rule 2.120(a)(3), 37 C.F.R. § 2.120(a)(3), the time to respond to written discovery requests may be extended upon stipulation of the parties, or upon motion granted by the Board, or by order of the Board. Likewise, under Trademark Rule 2.120(a)(2)(iv), 37 C.F.R. § 2.120(a)(2)(iv), limited extensions of the discovery period may be granted upon stipulation of the parties approved by the Board, or on motion granted by the Board, or by order of the Board.

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), made applicable to Board proceedings by Trademark Rule 2.116(a), 37 C.F.R. § 2.116(a), the appropriate standard for allowing an extension of a specified time period prior to the expiration of that period is "good

cause." Here, Applicant filed its motion to extend its time to respond to Opposer's discovery requests as well as the close of the discovery period before both of the respective periods expired on January 22, 2018. Therefore, the proper standard to apply is good cause.

Opposer's argument that Applicant's motion to extend the close of discovery is effectively one to reopen the time to serve requests and the proper standard is excusable neglect is not persuasive. Under the amended rules, effective January 14, 2017, "discovery must be served early enough in the discovery period that responses will be provided and all discovery will be complete by the close of discovery." MISCELLANEOUS CHANGES TO TRADEMARK TRIAL AND APPEAL BOARD RULES, 81 Fed. Reg. 69,950, 69,951 (October 7, 2016) (Notice of Final Rulemaking); Trademark Rule 2.120(a)(3). Notably, "[t]he amendment has no impact on current Board practice concerning the ability of parties to seek extensions of the discovery period;" moreover, when the time to respond is extended, discovery responses must be due no later than the close of discovery, as extended. Notice of Final Rulemaking, 81 Fed. Reg. at 69,960-61. While the Board encourages early service of discovery instead of reliance upon motions to extend the discovery period, a party wishing to serve discovery requests at a point in the discovery period when the last day for responding to the requests would fall after the close of discovery may seek an extension of the discovery period when appropriate and if it can establish good cause for the extension. *Estudi Moline Dissey, S.L. v. BioUrn Inc.*, 123 USPQ2d 1268, 1271 n.6 (TTAB 2017) (emphasis added). The timing to serve discovery requests is bounded by the specified

time period for the close of discovery. Thus, where the close of discovery has not yet passed, the time for serving requests is effectively reset under the good cause standard and the excusable neglect standard is inapplicable.

Generally, the Board is liberal in granting extensions of time before the specified period has elapsed, so long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions is not abused. *See Am. Vitamin Prods., Inc. v. Dowbrands Inc.*, 22 USPQ2d 1313, 1314 (TTAB 1992). The moving party, however, retains the burden of persuading the Board that it was diligent in meeting its responsibilities and should therefore be awarded additional time. *Nat'l Football League v. DNH Mgmt., LLC*, 85 USPQ2d 1852, 1854 (TTAB 2008) (citing *Sunkist Growers, Inc. v. Benjamin Ansehl Co.*, 229 USPQ 147 (TTAB 1985)). Moreover, a motion to extend must set forth with particularity the facts said to constitute good cause; "cursory or conclusory allegations that are denied unequivocally by the non-movant, and that are not otherwise supported by the record, will not constitute a showing of good cause." *Instruments SA, Inc. v. ASI Instruments, Inc.*, 53 USPQ2d 1925, 1927 (TTAB 1999); *see also Luemme, Inc. v. D.B. Plus Inc.*, 53 USPQ2d 1758, 1760 (TTAB 1999).

Although Applicant argues that it acted diligently, neither party appears to have taken advantage of the first five months of the discovery period. Mere delay in initiating discovery does not constitute good cause for an extension of the discovery

period.[3] *Luehrmann v. Kwik Kopy Corp.*, 2 USPQ2d 1303, 1305 (TTAB 1987). However, Applicant indicates that it experienced delays during this proceeding as a result of the hurricanes that devastated Puerto Rico; that, in view of the holiday season, it was difficult for Applicant's counsel to reach Applicant in order to provide substantive and timely responses to Opposer's discovery requests; that this is Applicant's first request to extend any deadline in this proceeding; and that the extension privilege has not been abused. There is also no evidence of bad faith on the part of Applicant in requesting the extension. Based on the record, Applicant has demonstrated the requisite good cause to warrant its requested extensions of both the discovery period and its deadline to respond to Opposer's discovery requests and, therefore, Applicant's motion to extend is <u>granted</u>. Moreover, in view of the extension of the close of the discovery period, Applicant's discovery requests served on January 10, 2018 are deemed timely.

Inasmuch as the parties are engaged in settlement discussions and the first upcoming deadline is August 5, 2018, as reset by the Board's June 6, 2018 order, discovery, disclosure, and trial dates, including time for Applicant to serve its responses to Opposer's discovery requests and time for Opposer to serve its responses to Applicant's requests, are reset as follows:

| | |
|---|---|
| Expert Disclosures Due | **August 5, 2018** |
| Applicant's Responses to Opposer's Discovery Requests Due | **August 5, 2018** |
| Opposer's Responses to Applicant's Discovery Requests Due | **August 8, 2018** |

---

[3] We further note that discovery by the Board is not governed by the concept of priority of discovery, and parties' discovery obligations are not dependent upon the actions of the other party.

| Discovery Closes | **August 8, 2018** |
|---|---|
| Plaintiff's Pretrial Disclosures Due | **September 22, 2018** |
| Plaintiff's 30-day Trial Period Ends | **November 6, 2018** |
| Defendant's Pretrial Disclosures Due | **November 21, 2018** |
| Defendant's 30-day Trial Period Ends | **January 5, 2019** |
| Plaintiff's Rebuttal Disclosures Due | **January 20, 2019** |
| Plaintiff's 15-day Rebuttal Period Ends | **February 19, 2019** |
| **BRIEFS ARE DUE AS FOLLOWS:** | |
| Plaintiff's Main Brief Due | **April 20, 2019** |
| Defendant's Main Brief Due | **May 20, 2019** |
| Plaintiff's Reply Brief Due | **June 4, 2019** |

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125, 37 C.F.R. §§ 2.121 - 2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b), 37 C.F.R. §§ 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a), 37 C.F.R. § 2.129(a).